UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DENNIS D. LINEHAN, | Case No. 18-CV-3385 (JRT/DTS) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| DIANA VANG, | |
| Defendant. | |

Plaintiff Dennis D. Linehan seeks to proceed *in forma pauperis* in this civil action under 42 U.S.C. § 1983. This Court previously directed him to file an amended complaint clarifying the alleged conduct of the sole Defendant, Diana Vang. Order, Jan. 8, 2019, Docket No. 7. Linehan, complying with that Order, filed an Amended Complaint largely identical to his original complaint, but which included some additional factual allegations and a section on the deliberate indifference standard. The Amended Complaint is still inadequate as a matter of law, so the Court recommends that this action be dismissed without prejudice and that Linehan's IFP application be denied as moot.

Regardless of Linehan's financial qualification, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

1

Federal Rule of Civil Procedure Rule 8(a)(2) states that a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Linehan fails to state a claim under Section 1983. "The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). Linehan identifies four constitutional rights he believes Vang deprived him of: procedural due process under both the Fifth and Fourteenth Amendments, his right to assistance of counsel under the Sixth Amendment, and his right to a trial by jury under the Seventh Amendment.

At bottom, Linehan's new complaint—like his first—alleges that Vang violated various constitutional rights by intentionally denying him access to government assistance programs to which he is statutorily entitled.[1] The Amended Complaint alleges that Vang

---

[1] The Amended Complaint refers to the denied entitlement at one point as "Minnesota State Aid," Am. Compl. 4, which may be Minnesota General Assistance, which the Amended Complaint later identifies. *Id.* at 9, 18. However, in the requested relief, it

broke from normal procedure to ensure he did not receive the benefits of the assistance program and intentionally misled the administrative law judge during a hearing. Am. Compl. 4, Docket No. 8. The specificity of the allegations leaves something to be desired, but the alleged wrongful action is discernable. That alleged conduct, however, does not demonstrate a violation of any of the federal constitutional rights Linehan identifies.

Although deliberate deprivation of a statutory entitlement may form the basis of a Fourteenth Amendment procedural due process violation, the deprivation in and of itself is insufficient to state a claim. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause . . . if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Goodman v. Pollack*, 668 Fed. App'x 670, 670 (8th Cir. 2016). Minnesota provides judicial review of Department of Human Services benefits decisions. Minn. Stat. § 256.045, subd. 7. Linehan has not pleaded that this state judicial review was unavailable to him, or, if it was, that the process was somehow insufficient to satisfy constitutional requirements. For this reason, the Amended Complaint fails to state a Section 1983 claim for deprivation of Linehan's Fourteenth Amendment rights.

The remaining constitutional rights Linehan identifies are inapplicable to his situation, and so cannot form the basis of a Section 1983 claim.[2] The Fifth Amendment's

---

refers more generally to "State and federally funded assistance as allowed by both State and Federal Statute." *Id.* at 18.

[2] The Amended Complaint includes a three-page discussion of the deliberate indifference standard as it applies to pretrial detainees. Am. Compl. 11-13. But Linehan does not allege inadequate medical care or even the presence of a serious medical need. Accordingly, the Court cannot say that Linehan is attempting to state a claim for inadequate medical care.

3

Due Process Clause is a restraint upon the federal government, not the States. *See, e.g.*, *Dusenbery v. U.S.*, 534 U.S. 161, 167 (2002). Linehan explicitly alleges that Vang is an employee of the Minnesota Department of Human Services, not a federal employee, Am. Compl. 4, so the Fifth Amendment does not apply. Further, Linehan's allegations clearly do not involve a criminal prosecution, so his assertion of his Sixth Amendment right to counsel is inapt. U.S. Const. amend. VI. Similarly, because Linehan allegations involve an administrative proceeding, his Seventh Amendment right to a jury trial was not an issue. U.S. Const. amend. VII (applying only to "Suits at common law"). Thus, taking all the allegations as true, Linehan's Amended Complaint does not state a deprivation of a constitutional right, and so does not state a claim under 42 U.S.C. § 1983.

For the set forth above, and based upon all the pleadings and the record, the Court RECOMMENDS THAT:

1. The case be DISMISSED WITHOUT PREJUDICE for failing to state a claim.

2. Linehan's Application to proceed IFP [ECF No. 2] be DENIED AS MOOT.

3. Linehan's Motion to Appoint Counsel [ECF No. 3] be DENIED AS MOOT.

4. Linehan's Motion for Preliminary Injunction [ECF No. 4] be DENIED AS MOOT.

5. Linehan's Motion for Summons [ECF No. 6] be DENIED AS MOOT.


Dated:  April 26, 2019         s/David T. Schultz
                               DAVID T. SCHULTZ
                               United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).